HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY A. PERSON, | No. 12-cv-5337 RBL |
| Plaintiff, | Order |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.  INTRODUCTION

Before the Court is Plaintiff Timothy A. Person's application to proceed *in forma pauperis* and motion for appointment of counsel. For the reasons set forth below, the Court must deny both the application and the motion.

## II.  DISCUSSION

**A. Application to Proceed *In Forma Pauperis*.**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

*in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

      Here, the Complaint fails to properly identify a defendant; indeed, the Complaint lacks sufficient content to allow the Court to discern the nature of Plaintiff's grievance.  Plaintiff states that he was injured on the job by inhaling a mold.  He then apparently filed a complaint with the Occupational Safety and Health Administration regarding discrimination under 29 U.S.C. § 660(c) ("Discharge or discrimination against employee for exercise of rights under this chapter; prohibition; procedure for relief").  Confusingly, Plaintiff states that this is a personal injury matter and that OSHA's investigation was "motivated to harass plaintiff instead of provide solution/justice."  Compl. at 2.  Plaintiff summarizes his claims by stating that he "was injured on the job. My employer has failed to follow federal law, and its own written policy." *Id*. Plaintiff seeks damages for medical expenses and attorney's fees and costs. *Id.* at 3.

      Although Plaintiff lists "United States of America" as defendant, it is entirely unclear from the statement of claims who Plaintiff intends to sue—his employer or OSHA.  Moreover, the statement contains only four sentences, which are confusing and fail to clarify a basis for relief.  If Plaintiff intends to pursue *in forma pauperis* status, he must properly identify a defendant, claims, and the facts giving rise to those claims.  Because he has not done so, the Court must conclude that the proposed complaint lacks merit on its face.

      **B.  Motion for Appointment of Counsel.**

      No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981).  However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  The Court will

appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Because the Court has denied leave to proceed *in forma pauperis*, it must similarly conclude that the proposed complaint lacks sufficient merit to justify appointment of counsel.

### III.   ORDER

For the reasons stated above, the Court **DENIES** the application to proceed *in forma pauperis* and motion for appointment of counsel.  [Dkts. #1, 2].  Plaintiff has **15 days** to pay the filing fees or the case may be dismissed.

Dated this 25th day of April 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE